| | |
|---|---|
| DAVID H. KRAMER, SBN 168452<br>MAURA L. REES, SBN 191698<br>MICHAEL H. RUBIN, SBN 214636<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email: mrubin@wsgr.com<br><br>Attorneys for Defendant Google Inc. | JONATHAN SHUB, SBN 237708<br>SEEGER WEISS LLP<br>1515 MARKET STREET<br>SUITE 1380<br>PHILADELPHIA, PA 19102<br>Telephone: (215) 564-2300<br>Facsimile: (215) 851-8029<br>Email: jshub@seegerweiss.com<br><br>Attorney for Plaintiff Lynne Krause |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LYNNE KRAUSE, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE INC., a Delaware Corporation<br><br>　　　　Defendant. | CASE NO.: 3:12-cv-01524-RS<br><br>**STIPULATED REQUEST FOR AN ORDER GRANTING A STAY AND [~~PROPOSED~~] ORDER** |

Plaintiff Lynne Krause ("Plaintiff") and Defendant Google Inc. ("Google") (collectively, the "Stipulating Parties") by and through their respective counsel, hereby make a stipulated request for an Order staying all proceedings and deadlines in this action until forty-five (45) days after the Judicial Panel on Multidistrict Litigation ("JPML") issues a ruling on any motion seeking transfer of this and other related actions pending in other districts or until forty-five (45) days after a JPML Conditional Transfer Order governing the above-captioned action, if any, is finalized or vacated, whichever is later.  In support of this Request, the Stipulating Parties state as follows:

WHEREAS, the Complaint in the above-captioned action was filed on March 27, 2012;

WHEREAS, multiple other complaints have been filed to date in federal district courts throughout the United States by plaintiffs purporting to bring class actions on behalf of similarly situated class members (collectively, including the above-captioned matter, the "Google Cases");

WHEREAS, on March 1, 2012, Defendant Google Inc. filed a motion with the JPML seeking transfer of the Google Cases pursuant to 28 U.S.C. § 1407, and other parties to the Google Cases may also file motions pursuant to 28 U.S.C. § 1407 (collectively "MDL Motion");

WHEREAS, on March 30, 2012, Google filed a Notice of Related Actions with the JPML seeking transfer of the above-captioned action together with the other Google Cases;

WHEREAS, should the JPML grant any MDL motion, the JPML will shortly thereafter issue a Conditional Transfer Order directing that the above-captioned case be transferred together with the other Google Cases;

WHEREAS, in light of Google's filing of an MDL Motion and Notice of Related Actions, all parties in this case have agreed that the deadline for Google to answer, move, or otherwise respond to the Complaint shall be stayed until forty-five (45) days after the JPML issues an order deciding the MDL Motion or until forty-five (45) days after a JPML Conditional Transfer Order governing the above-captioned action, if any, is finalized or vacated, whichever is later, or as otherwise ordered by the MDL Transferee Court if the MDL Motion (or any other motion, including a Notice of Related Action, filed with the JPML seeking to transfer the Google Cases) is granted; provided, however, that in the event that Google should agree to an earlier

response date in any of the Google Cases, Google will respond to the Complaint on that earlier date;

WHEREAS, there have been no previous modifications of time in this case, whether by stipulation or Court order, and the requested stay is necessary for consistent management of the actions to be transferred and to save judicial resources;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for Plaintiff and Google that:

1. All proceedings and deadlines in the above-captioned action are stayed until forty-five (45) days after the JPML rules on the MDL Motion, or until forty-five (45) days after a JPML Conditional Transfer Order governing the above-captioned action, if any, is finalized or vacated, whichever is later, or until further order of this Court or the MDL Transferee Court;

2. This stay shall encompass Google's deadlines to answer, move to dismiss, or otherwise respond to the Complaint;

3. Any obligations of the parties to meet and confer regarding initial disclosures, including under FRCP 26(f), are stayed until further Order from the Court or the MDL Transferee Court;

4. This Order does not constitute a waiver by Google of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process, or service of process; and

5. Nothing in this Order shall prohibit any party in the above-captioned action from petitioning the Court to lift the stay as events warrant.

1  Agreed by all Stipulating Parties this 11th day of April, 2012.

**WILSON SONSINI GOODRICH & ROSATI**

By:   /s/ Michael H. Rubin
     David H. Kramer
     Maura L. Rees
     Michael H. Rubin
     650 Page Mill Road
     Palo Alto, CA 94304-1050
     Telephone:        (650) 493-9300
     Facsimile:         (650) 565-5100
     Email:               mrubin@wsgr.com

*Attorneys for Defendant Google Inc.*

**SEEGER WEISS LLP**

By:   /s/ Jonathan Shub
     Jonathan Shub
     Seeger Weiss LLP
     1515 Market Street
     Suite 1380
     Philadelphia, PA 19102
     Telephone:        (215) 564-2300
     Facsimile:         (215) 851-8029
     Email:               jshub@seegerweiss.com

*Attorney for Plaintiff*

# [PROPOSED] ORDER

The above stipulation having been considered and good cause appearing therefore,

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  4/11/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

# CERTIFICATION

I, Michael H. Rubin, am the ECF User whose identification and password are being used to file this **STIPULATED REQUEST FOR AN ORDER GRANTING A STAY AND [PROPOSED] ORDER**. In compliance with General Order 45.X.B, I hereby attest that Jonathan Shub has concurred in this filing.

By:    */s/ Michael H. Rubin*